IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| KENDRICK R. MILES, #1457243 | § | |
| VS. | § | CIVIL ACTION NO. 2:10cv236 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge Roy S. Payne. The Report and Recommendation ("R&R") of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the R&R, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Petitioner's objections state that he did not file an amended petition after the Court granted him leave to do so, but cautioned him regarding the issues he sought to raise. In retrospect, he wishes he had filed his amended petition and addressed the alleged failure of counsel to more vigorously examine state's witness Kinchen and attempt to impeach him. There was nothing preventing him from filing an amended petition. As noted, he was given leave to do so. It was his decision not to do so and he has not voiced an effective objection in this regard.

Otherwise, his objections repeat his claims of ineffective assistance of counsel with regard to his trial counsel's preparation for and examination of three defense witnesses called during trial. He has added nothing new to his original argument, which is fully addressed in the R&R. In fact, he

admits "that without the trial transcripts to refer to it is impossible to detail what it was [Petitioner's] intent to convey in the original filing." Objections at 4. Therefore, by his own admission, his objection fails. He also contends that counsel was ineffective during voir dire by not conveying to the jury a defense "perspective" on the Texas law of parties. Again, he has added nothing to his original argument. The Magistrate Judge found that an accurate definition and neutrally-stated example was given to the jury by the prosecutor. Petitioner has not refuted that finding. Furthermore, the trial court gave a jury instruction on the law of parties, which was upheld on appellate review. It follows that, "juries are presumed to follow their instructions." *See Zafiro v. United States*, 506 U.S. 534, 540, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). Therefore, there is no basis to this claim. Finally, he repeats his argument that counsel failed to challenge the indictment. However, the Magistrate Judge found that Petitioner failed to exhaust that issue at the state level. Petitioner has not addressed that finding at all, instead choosing to simply repeat his original claim. That is inadequate. Petitioner has not so much addressed the Magistrate Judge's findings and conclusions as he has simply re-argued his claims. Having completed a *de novo* review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts same as the findings and conclusions of the Court. It is therefore

**ORDERED** that Petitioner's objections are **OVERRULED** and his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 5th day of November, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE